IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SHAREENA BROOKS, | : | CASE NO. A-2401092 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE WAGNER |
| vs. | : | |
| | : | |
| MICHAEL P. ROETTING, ET AL., | : | MOTION TO DISMISS |
| | : | |
| | : | |
| Defendants. | : | |

Defendant Michael Roetting moves to dismiss this matter under Civ. R. 12(B)(6) for failing to file within the statute of limitations. The appropriate statute of limitations is one year and, as shown by the allegations of the Complaint, this matter was filed nearly two years after the underlying incident.

## STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, courts accept as true all factual allegations in the complaint. *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). A motion to dismiss based upon a statute of limitations may be granted when the complaint shows conclusively on its face that the action is time-barred. *Velotta v. Leo Petronzio Landscaping, Inc.,* 69 Ohio St.2d 376, 433 N.E.2d 147 (1982), paragraph three of the syllabus.

## THE STATUTE OF LIMITATIONS FOR INTENTIONAL TORTS IS ONE YEAR

Brooks' Complaint alleges that Roetting is a police officer who used excessive force against her by tasing her in a manner that "was without privilege, was malicious and [in] violation of Plaintiff's right to be free from Excessive Force by law

{00399312-3}

enforcement." Compl. at ¶ 21. This allegedly occurred on March 22, 2022. Id. at ¶ 7. And Brooks' Complaint was filed on March 7, 2024.

The general statute of limitations for actions against a political subdivision or its employees is found in R.C. 2744.04. It states that any such action "shall be brought within two years after the cause of action accrues, *or within any applicable shorter period of time for bringing the action provided by the Revised Code.*" (Emphasis added).

Though Brooks has used the term "excessive force," the Ohio Supreme Court ruled in *Love v. City of Port Clinton* that such a claim is the intentional tort of assault and battery. 37 Ohio St.3d 98, 524 N.E.2d 166 (1988). Under R.C. 2305.111(B), the statute of limitations for this claim is one year from the date on which the alleged assault or battery occurred.

In *Love,* an individual alleged he was recklessly subdued by a police officer and the officer's actions injured him. The Ohio Supreme Court held in its syllabus, "[w]here the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence." In reaching that conclusion, the court reasoned that, although the plaintiff had styled his pleading as an action in negligence, the plaintiff alleged he had been subdued and handcuffed, which caused him injury. *Id.* at 99; see also *Kuhar v. Marc Glassman, Inc.,* 8th Dist. Cuyahoga No., 2009-Ohio-2379, ¶ 8 ("When the essential character of the alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery

{00399312-3} 2

applies, even if the touching is pled as an act of negligence. * * * To hold otherwise would defeat the assault and battery statute of limitations, because nearly all assault and battery claims can be pled as negligence claims.")

After noting that "'subduing' and 'handcuffing' [ ] are acts of intentional contact which, unless privileged, constitute a battery" and that "[a] person is subject to liability for battery when he acts intending to cause a harmful or offensive contact, and when a harmful contact results," *Love* determined the essential character of the plaintiff's complaint was one that sounded in battery regardless of how it was styled and, in turn, the one-year statute of limitations applied. *Love* at 99-100.

Pleading "willful and malicious" conduct, as Brooks has done, changes nothing. That occurred in the First District case of *Owens v. Owens*, No. C-810878, 1984 Ohio App. LEXIS 12285 (July 14, 1984).

The *Owens* plaintiff alleged the defendant seriously injured her by operating his automobile in a "willful and malicious manner." *Id.* at *1. She argued her claim for relief was not for an assault and battery governed by the one-year statute of limitations, but a "bodily injury" governed by the two-year statute of limitations. *Id.* at *2. Finding courts are not bound by a plaintiff's characterization of a claim for relief, the court found the one-year statute of limitations applied. "Given the true nature of this claim for relief, 'we are unable to surmount the hurdle that the General Assembly, after providing that actions for bodily injury generally may be commenced within two years of their accrual, specifically limited bodily injury actions arising

from assault and battery to a one-year commencement.'" *Id.* at *3 quoting *Dean v. Angelas,* 24 Ohio St.2d 99, 104, 264 N.E.2d 911 (1970).

Nor do Brooks' allegations related to improperly following procedure change anything. That was also alleged in *Love*, which found "[i]f proper procedures were followed * * *, an issue might arise as to whether those acts were privileged. But privilege is a defense. Its presence or absence does not define the underlying tort." *Love* at 100.

Brooks may try to argue that the statute of limitations should be two years since that is what applies to claims filed under 42 U.S.C. § 1983. *Nadra v. Mbah,* 119 Ohio St.3d 306, 2008-Ohio-3918, 893 N.E.2d 829. After all, claims akin to Brooks' get filed under § 1983 and have a two-year statute of limitations. Such an argument would fail.

In determining which statute of limitations to use for § 1983 actions, the Supreme Court of the United States has held that "'[i]n marked contrast to the multiplicity of state intentional tort statutes of limitations, every State has only one general or residual statute of limitations governing personal injury actions'" and "'where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.'" *Id.* at ¶ 13 quoting *Okure v. Okure,* 488 U.S. 235, 245 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (edits sic).

Brooks filed her action purely under Ohio law. Since her action is for an intentional tort, the one-year statute of limitations applies.

CONCLUSION

Brooks' complaint alleges the intentional tort of assault and battery. As the Ohio Supreme Court held in *Love*, R.C. 2305.111(B)'s one-year statute of limitations applies. Because Brooks did not file this action within the one-year statute of limitations, this matter should be dismissed with prejudice.

Respectfully Submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

/s/ *Scott M. Heenan*
Scott M. Heenan (0075734)
Katherine C. Baron (0092447)
Senior Assistant City Solicitors
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Tel.:  (513) 352-3326
         (513) 352-4705
Fax:  (513) 352-1515
Scott.Heenan@cincinnati-oh.gov
Katherine. Baron@cincinnati-oh.gov

*Attorneys for the Defendant in his official capacity*

/s/ *Kim Rutowski*
Kimberly A. Rutowski (0076653)
Lazarus Law LLC
525 Vine Street, Suite 2210
Cincinnati, Ohio 45202
Tel.:  (513) 721-7300
Fax:  (513) 721-7008
krutowski@hllmlaw.com

*Attorney for the Defendant in his individual capacity*

## Certificate of Service

I hereby certify that a true and accurate copy of the foregoing has been filed electronically and served upon all parties via email this 26th day of March 2024.

Fanon A. Rucker
527 Linton Street
Cincinnati, Ohio 45219
frucker@cochranohio.com
*Attorney for the Plaintiff*

/s/ *Scott M. Heenan*
Scott M. Heenan (0075734)