Fanon A Rucker
Attorney for Plaintiff



# HAMILTON COUNTY COURT OF COMMON PLEAS
# HAMILTON COUNTY, OHIO

| | |
|---|---|
| **SHAREENA BROOKS,** | : Case No.:A2401092 |
| **Plaintiff,** | : JUDGE C. WAGNER |
| vs. | |
| **MICHAEL P. ROETTING, et al.** | : **FIRST AMENDED COMPLAINT AND JURY DEMAND** |
| **Defendants.** | : |
| | : |

Pursuant to Ohio Civ. R. 15(A), Plaintiff Shareena Brooks, by and through counsel, hereby amends its Complaint filed on March 7, 2024, and to which Defendant filed a Motion to Dismiss on March 26, 2024. This complaint is being amended "as a matter of course within twenty-eight days after service" of the Motion to Dismiss.

This case is about the unlawful tasing of a citizen, constituting the deprivation of that citizen's rights and the failure of the City to properly discipline, train or supervise that officer.

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper.

2. The events that are the subject of this Complaint occurred in Hamilton County, Ohio.

3. The amount in controversy exceeds $15,000.00 (fifteen thousand dollars).

4. The Court has pendent jurisdiction over the federal claims delineated herein.

1

Fanon A Rucker
Attorney for Plaintiff

## PARTIES

5. Plaintiff, Shareena Brooks ("Plaintiff") was, as at all times relevant, a resident of Hamilton County, Ohio.

6. Defendant Police Officer Michael P. Roetting ("Roetting") was, at all times relevant, a police officer for the City of Cincinnati. Roetting is sued in his official and individual capacity.

7. John and Jane Does were individuals, who at all times relevant were police officers with the City of Cincinnati or other individuals who were either directly or indirectly responsible for the wrongful tasing of Shareena Brooks. John and Jane Does' identities are currently unknown.

## STATEMENT OF FACTS

8. On March 22, 2022, Plaintiff was pulled over for a minor misdemeanor traffic offense.

9. Plaintiff had no active warrants for an arrest.

10. During the stop, Plaintiff was accused of operating a motor vehicle while under the influence of alcohol.

11. At the request of the officers, Plaintiff submitted too field sobriety tests.

12. Despite having consumed no alcohol prior to operating her vehicle, Plaintiff was placed under arrest.

Fanon A Rucker
Attorney for Plaintiff

13. Plaintiff was transported to District Three police station to be processed and for further testing.

14. In the DUI room, Plaintiff was handcuffed to a metal rail while sitting in a chair at the intoxilyzer table.

15. Despite posing no risk of physical harm to any of the officers Officer Roetting tased her in violation of Cincinnati Police Policy.

16. Despite posing no risk of physical harm to others due to her confinement, Defendants failed to de-escalate the situation, resulting in Plaintiff being tased unlawfully.

17. Immediately after the tasing Defendant Roetting stated to Plaintiff "to put her hands behind her back, I'm going to light you up again."

18. Plaintiff did not present a risk of harm to Defendant Roetting or any other officer.

19. Plaintiff was not attempting to, nor was she able to flee, as she was handcuffed to a stationary unmovable object.

20. Despite the fact Plaintiff presented no risk of harm to Defendant Roetting or any other officer, and was not fleeing, Defendant Roetting tasered Plaintiff in her chest.

21. The tasing immediately caused pain to Plaintiff and caused Plaintiff to bleed.

22. The tasing was without privilege, was malicious and violation of Plaintiff's right to be free from Excessive Force by law enforcement.

23. Neither of the officers who observed Defendant Roetting tase Plaintiff stepped in to intervene or stop the action.

24. Cincinnati Police Policy Section 12.545 states that frontal shots are prohibited except in the situations of self-defense or defense of another.

25. Cincinnati Police Policy Section 12.545 specifically states "an officer has a duty to stop, prevent and report the use of excessive force by another officer."

26. Cincinnati Police Policy Section 12.545 states that "whenever possible de-escalation techniques shall be employed to gain voluntary compliance by a subject."

27. Cincinnati Police Policy imposes the affirmative duty on Police Officers to intervene or to otherwise act to prevent the wrongful and harmful actions of fellow Police Officers.

28. Upon information and belief, Defendant Roetting has an extensive history of discipline for rude, inappropriate, and out of control conduct towards citizens while on duty as a Cincinnati Police Officer.

29. In September 2022, Defendant Roetting was disciplined for a violation of the police department's Rule 1.06A, after he antagonized a victim of a vehicle accident.

30. In December 2022, Defendant Roetting was disciplined for a violation of the police department's Rule 2.02, after he left a victim of a vehicle accident stranded in unsafe conditions.

Fanon A Rucker
Attorney for Plaintiff

31. In October 2019, Defendant Roetting was disciplined for a violation of the police department's Rule 1.06A, after he was discourteous to a citizen.

32. In May 2018, Defendant Roetting was placed on a 48-hour suspension.

33. In March 2018, Defendant Roetting was disciplined for a violation of the police department's Rule 1.06A, after he was discourteous to a citizen.

34. In July 2016, Defendant Roetting was disciplined for a violation of the police department's Rule 1.06A, after he was discourteous to a victim of a sexual assault.

35. In September 2012, Defendant Roetting was disciplined for a violation of the police department's Rule 1.06A, after he used a profanity towards a citizen.

36. In May 2012, Defendant Roetting was disciplined for a violation of the police department's Rule 1.10, after he used a derogatory statement towards another member of the department.

37. In April 2011, Defendant Roetting was disciplined for a violation of the police department's Rule 1.01, after he was rude and disrespectful towards a victim of a crime.

38. In September 2006, Defendant Roetting was disciplined for making an inappropriate comment during a traffic stop.

Fanon A Rucker
Attorney for Plaintiff

39. Defendant Roetting has received a reprimand for insubordination and a sustained finding of dishonesty following two separate internal investigations.

40. Despite the extensive history of discipline for mistreatment of citizens, Defendant Roetting remains a Cincinnati Police Officer with the ability to cause harm to citizens as demonstrated in this Complaint.

41. Despite the extensive history of discipline for mistreatment of citizens, Defendant Roetting has not been terminated or properly retrained such that he continues to harm citizens and violate the constitutional rights, as he did Plaintiff on this particular occasion.

### FIRST CLAIM FOR RELIEF
### EXCESSIVE FORCE

42. Plaintiff incorporates, by reference, each of the allegations above, as if fully restated herein.

43. Defendant Roetting used more force than necessary when he deployed his taser into Plaintiff's body.

44. The use of the taser on Plaintiff under the circumstances explained above constitutes the unlawful excessive use of force.

45. Defendant Roetting's excessive use of force against Plaintiff was unnecessary, wanton, and malicious.

46. As the proximate and direct result of Defendant Roetting's wrongful and malicious conduct, Plaintiff suffered physical and emotional harm.

47. Defendants are liable for all such harm.

Fanon A Rucker
Attorney for Plaintiff

## SECOND CLAIM FOR RELIEF
## VIOLATION OF 42 USC sec. 1983

48. Plaintiff incorporates by reference each of the allegations above, as if fully restated herein.

49. Defendants, under the color of state law and the authority of their positions, intentionally and purposely deprived Plaintiff of her constitutional right to be free from excessive force, as alleged herein.

50. Pursuant to 42 U.S.C. sec. 1983, Defendants are liable to Plaintiff as a result of Defendants' actions.

## THIRD CLAIM FOR RELIEF
## FAILURE TO TRAIN, SUPERVISE OR DISCIPLINE
## 42 U.S.C. sec. 1983

51. Plaintiff incorporates by reference of the allegations above, as if fully restated herein.

52. Despite Defendant Roetting's history of bad behavior and mistreatment of citizens, the City of Cincinnati (as a suit against Defendant Roetting in his official capacity is a suit against the City of Cincinnati) failed to ensure Defendant Roetting was disciplined, properly instructed, or trained, as evidenced by his repeated and continued violations of Cincinnati Police Policy.

53. Defendant City of Cincinnati failed to properly supervise and/or discipline Defendant Roetting who clearly failed to follow the requirements of the Cincinnati Police Policy Manual regarding treatment of citizens.

7

Fanon A Rucker
Attorney for Plaintiff

54. As a proximate and direct result of Defendant's failure, Plaintiff was actually harmed, as alleged herein.

55. Defendants' failures also amounted to deliberate indifference to Plaintiff's constitutional rights.

56. Defendants' failures constitute an actionable claim against Defendant City of Cincinnati pursuant to 42 U.S.C. section 1983.

57. Defendants are liable to Plaintiff for all such harm.

**WHEREFORE**, Plaintiff prays for the Court to do the following:
- Enter judgment for Plaintiff against Defendants,
- Award compensatory damages to Plaintiff in an amount greater than twenty-five thousand dollars ($25,000.00)
- Award punitive damages to Plaintiff in an amount greater than twenty-five thousand dollars ($25,000.00),
- Award attorney's fees to Plaintiff, and
- Such other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Fanon A. Rucker, Esq.
Fanon A. Rucker, #0066880
527 Linton Street
Cincinnati, Ohio 45219
Tel: (513) 381-4878
Fax: (513) 672-0814
frucker@cochranohio.com
**Attorney for Plaintiff**

Fanon A Rucker<br>Attorney for Plaintiff

## JURY DEMAND

Plaintiff, by and though counsel hereby demands a trial by jury on all issues triable to a jury.

/s/ Fanon A. Rucker, Esq.<br>Fanon A. Rucker, Esq.<br>Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff's First Amended Complaint was filed electronically and served electronically on the following this 5th day of April 2024 by email:

Scott Heenan
Scott.Heenan@cincinnati-oh.gov

/s/Fanon A. Rucker<br>Fanon A. Rucker